**FILED & ENTERED**

**AUG 08 2014**

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY vandenst DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Mark Alan Shoemaker,<br><br><br><br>                              Debtor. | Case No.: 2:10-bk-30910-TD<br><br>CHAPTER 7<br><br>**MEMORANDUM DECISION ON CALIBER HOME LOANS INC.'S MOTION FOR RELIEF FROM STAY**<br><br>Date:        July 10, 2014<br>Time:       10:00 AM<br>Courtroom: 1345 |

     On June 12, 2014, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans Inc., as its attorney in fact, and its successors or assignees (Caliber) filed a motion for relief from the automatic stay (Motion).

     In the Motion, Caliber seeks relief from the automatic stay with respect to Debtor's real property located at 32766 Brechtel Street, Lake Elsinore, California 92530 (Property).  Caliber requests relief under 11 U.S.C. § 362(d)(1) on the ground that the Property lacks an adequate equity cushion.  Caliber also requests that the court waive the stay provided in Rule 4001(a)(3).

-1-

Caliber attaches five exhibits to the Motion in support of standing:

(1) A Deed of Trust between Oak Street Mortgage, LLC as lender, Debtor and Miranda Shoemaker, as borrowers, and Fidelity National Title Insurance Company, as trustee. Motion at Ex. 1.

(2) A Note between the same parties identified in the Deed of Trust. Motion at Ex. 2.

(3) An Assignment of the Note and Deed of Trust from Oak Street Mortgage, LLC, to Mortgage Electronic Registration Systems, Inc. (MERS). Motion at Ex. 4.

(4) An Assignment of the Note and Deed of Trust from MERS to HSBC Mortgage Services, Inc. Motion at Ex. 5.

(5) An Assignment of the Note and Deed of Trust from HSBC Mortgage Services, Inc., to U.S Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust. Motion at Ex. 6.

Caliber also includes a Declaration of Jessie Hanak. Hanak declares, under penalty of perjury, that "I am employed as a Default Service Officer by Caliber Home Loans, Inc., as its attorney in fact for U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ('Caliber Home Loans')." Motion at 6:1. In the Hanak Declaration, Caliber is identified as the "[a]signee of the original holder of the beneficial interest in the Property." Motion at 6:3.

On June 26, 2014, Debtor filed an Opposition to the Motion. In the Opposition, Debtor contends that Caliber is not a "real party in interest" under California law, and, therefore, lacks standing to prosecute the Motion. Debtor asserts that the trustee under a deed of trust is the only party with standing to prosecute a motion for relief from stay. Debtor relies largely on Veal v. American Home Mortgage Servicing, Inc., et al. (In re Veal), 450 B.R. 897 (9th Cir. BAP 2011) and several intermediate California appellate court cases. Notably, Debtor does not challenge the evidence regarding chain of title attached to the Motion.

1   Caliber did not file a Reply.

2   On July 10, 2014, the court held a hearing on the Motion. Joanne Lembo
3   appeared on behalf of Caliber. Debtor appeared *pro se*. At the hearing, the court took
4   the matter under advisement.

5   Under 11 U.S.C. § 362(d), a "party in interest" may seek relief from stay.
6   "[W]hether a moving party is a 'party in interest' under § 362(d) is determined on a case-
7   by-case basis, taking into account both the claimed interest and how that interest is
8   affected by the automatic stay." Marks v. Dockery (In re Marks), 2012 WL 6554705 at
9   *7 (9th Cir. BAP, Dec. 14, 2012) (citing Veal, 450 B.R. at 913). "A 'party in interest' can
10  include any party that has a pecuniary interest in the matter, that has a practical stake in
11  the resolution of the matter, or that is impacted by the automatic stay." Id. (citing Brown
12  v. Sobczak (In re Sobczak), 369 B.R. 512, 517–18 (9th Cir. BAP 2007)).

13  Cal. Civ. Code § 2924(a)(1) "broadly allows a trustee, mortgagee, beneficiary, *or*
14  *any of their agents* to initiate non-judicial foreclosure." Id. at *8 (citing Lane v. Vitek Real
15  Estate Indus. Grp., 713 F.Supp.2d 1092, 1099 (E.D.Cal. 2010) (emphasis added)).
16  California's non-judicial foreclosure scheme is so exhaustive that "courts have refused
17  to read any additional requirements into the non-judicial foreclosure statute." Gomes v.
18  Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1154 (2011) (internal quotations
19  omitted). "[N]owhere does the statute provide for a judicial action to determine whether
20  the person initiating the foreclosure process is indeed authorized." Id. at 1155.

21  California law governs the determination of whether Caliber is a real party in
22  interest. See Veal, 450 B.R. at 908 ("Real party in interest analysis requires a
23  determination of the applicable substantive law, since it is that law which defines and
24  specifies the wrong, those aggrieved, and the redress they may receive."). California
25  law clearly provides that any agent of a trustee or beneficiary may initiate a non-judicial
26  foreclosure. Furthermore, as addressed in Gomes, California courts have rejected a
27  borrower's attempts to challenge a nominee's standing to initiate a non-judicial
28  foreclosure unless the challenge relates to whether the chain of title is accurate.

Here, Debtor only challenges Caliber's standing. Debtor does not challenge whether the chain of title is accurate. The court finds that the evidence in support of standing, while minimal, is sufficient to establish that Caliber is an agent for the trustee, U.S. Bank Trust, N.A., under the assigned Note and Deed of Trust. Caliber provided a complete chain of title and asserts its relationship with U.S. Bank Trust, N.A. in a declaration under penalty of perjury. Debtor has not provided evidence to discredit or refute the relationship asserted by Caliber in the Hanak Declaration.

Debtor's reliance on Veal is inappropriate for two reasons. First, Veal addressed Illinois law, which is different from California law. California's non-judicial foreclosure statute, Cal. Civ. Code § 2924(a)(1), "does not require a beneficial interest in both the Note and the Deed of Trust to commence a nonjudicial foreclosure sale." Marks, 2012 WL 6554705 at *8 (citing Lane, 713 F.Supp.2d at 1099) (internal quotations omitted). Second, Veal primarily addresses chain of title concerns related to assignment of a note and mortgage; whereas, the standing contentions in the Opposition do not challenge chain of title.

Debtor's reliance on the California appellate court cases is equally unavailing. The cases cited by Debtor address issues with trusts created under California law. They do not address non-judicial foreclosure issues. As discussed above, "California's nonjudicial foreclosure scheme is set forth in Civil Code section 2924 through 2924k, which provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to the power of sale in a deed of trust." Gomes, 192 Cal.App.4th at 1154 (internal quotations omitted). The California cases cited by Debtor do not address Cal. Civ. Code § 2924, and are therefore inapposite for the purposes of determining whether the agent of a trustee under a note and deed of trust has standing to prosecute a motion for relief from stay.

At the very least, Caliber's interest here is "colorable." See Biggs v. Stovin (In re Lutz Intern., Ltd.), 219 B.R. 837, 842 (9th Cir. BAP 1998) (". . . most courts hold that motion for relief from stay hearings . . . simply determine whether the creditor has a

1  colorable claim to the property of the estate."). Caliber's evidence proves by a
2  preponderance that it has a colorable claim to the relief it seeks here.
3       In light of the foregoing, the Motion is granted under 11 U.S.C § 362(d)(1). The
4  stay provided under Rule 4001(a)(3) is waived.
5       SO ORDERED.

Date: August 8, 2014

Thomas B. Donovan
United States Bankruptcy Judge

-5-