FILED & ENTERED

AUG 20 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Mark Alan Shoemaker<br><br><br><br>Debtor(s). | Case No.: 1:14-bk-15182-GM<br><br>CHAPTER 7<br><br>**MEMORANDUM DENYING MOTION TO REMOVE ALFRED SIEGEL AS TRUSTEE**<br><br>Date:     August 20, 2019<br>Time:    10:00 AM<br>Courtroom: 302 |

At the hearing on August 20, 2019, the Court adopted its tentative ruling as its findings on the Debtor's Motion to remove Alfred Siegel as Trustee. That tentative ruling is set forth below:

<u>The Motion</u>

This motion to remove Alfred Siegel as trustee is brought on two bases: (1) that Siegel failed to marshal assets and (2) that he "engaged in fraud to the detriment of the debtor and the estate." The Court previously found that Siegel has a limited fiduciary duty to Shoemaker which is created in a surplus case. In the adversary proceeding against Siegel, the Court found causation and injury. (1:16-ap-01142-GM ("BK adv"),

-1-

dkt. 55 at 15:2-3)  The Court dismissed the adversary proceeding on other grounds, but did not find that there was no duty to Shoemaker and that that duty would be breached by the Trustee's alleged misconduct in administering the estate.

It is a myth that the Trustee failed to bring substantial value into the estate due to Shoemaker's failure to disclose assets.  In fact the original schedule B listed $1.2+ million in accounts receivables and Siegel did nothing to recover these. In 2010 Shoemaker disclosed the litigation claims, but the Trustee failed to act. Shoemaker urged action, but no action was taken.  In 2011 there was a letter regarding a settlement of one of Shoemaker's cases, but the Trustee took no action to marshal that asset, but rather files a no asset report that he later withdraws.  Only in 11/13 does the Trustee file an application to appoint special counsel, which was after a 17-month delay.  Special counsel is appointed in January 2014 and the collection cases adversary is filed in May 2014.

At the 6/12 status conference, Siegel instructed Shoemaker to amend his petition and add the litigation claims, which Shoemaker had proposed as a means of settlement with Siegel of Siegel's §727 complaint.  "Thus, Siegel, on the record advised Shoemaker to commit fraud.  This must be so, since this Court found the June 20, 2012 filing as a basis for fraud under 11 USC 727(a)(4)(A) denial of discharge."  When Siegel and his agents pursue the litigation claims, they knew that there was a basis for fraud and they prompted and perpetrated that.

The entire bankruptcy is void because the Court found that the original petition and schedules was a basis of the fraud finding under §727(a)(4)(A).
At the trial in case 14-01296, Siegel admitted that he was apprised at the Advocate assets at the 7/6/10 meeting of creditors, that he had a duty to investigate them even if they were not listed on the formal schedules, that he practice as a trustee was to contact the trustee in a related corporate chapter 7 case, that he withdrew his initial no-asset report so he could determine whether the amended claims were legitimate or not and would benefit creditors, that he had to filed the litigation claims 24 months after

6/14/12 to determine that they had no value of any materiality, and that he separately analyzed the claims set forth in the amended schedules.

The Opposition

This motion is an improper collateral attack on the Court's Order dismissing with prejudice the Shoemaker v. Siegel adversary proceeding (1:16-ap-01142). The issue of marshalling the assets is directly from that lawsuit. That lawsuit asserted the Siegel acted with gross negligence and with fraud.

The Debtor has no standing to file this motion. The motion is also time-barred as were the identical allegations in the adversary proceeding. The allegations are baseless in law and fact. There would be no benefit to the estate to remove the Trustee at this time.

There is no cause for removal. Under the totality of the circumstances test, the burden is on the movant to show cause, which is a required element. Here the Debtor has not standing because this is not a surplus estate and thus the Trustee does not owe a fiduciary duty to the Debtor. Also Siegel did not somehow advise Shoemaker to commit fraud and thereby lead to the denial of discharge. The Court discussed this fully in the Memorandum of Decision denying Shoemaker's discharge. (1:14-ap-01206, dkt. 278).

Removing the Trustee would merely mean appointing another trustee is his place. It would not void the bankruptcy or the denial of discharge. There is no benefit to the estate since the new trustee would have any collections actions barred by the statute of limitations.

There are no conflicts of interest here and the Trustee has not personally benefitted from this case. In fact, the Trustee is not receiving any payment from this case.

NO REPLY RECEIVED AS OF 8/19 AT NOON.

Proposed Ruling

Adversary proceeding 1-16-ap.01142 was opened on October 7, 2016, when counsel for Levene, Neale, Bender, Yoo & Brill, LLP and Anthony Friedman removed the state court complaint.  That complaint had been filed on July 28, 2016 and was for fraud, negligent misrepresentation, breach of fiduciary duty, and negligence.  While the original complaint did not segregate the claims against the various defendants, it contained most of the allegations in this motion.

The First Amended Complaint (dkt. 24, filed 11/14/16) as to Siegel is specifically for fraud and breach of fiduciary duty.  It includes all or substantially all of the allegations made in this motion to remove Siegel.  The Second Amended Complaint (dkt. 44, filed 12/20/16) is solely against Siegel and goes into the allegations of gross negligence and fraud in great detail.  This was dismissed with prejudice on February 27, 2017 for failure to state a claim. (dkt. 55, 58).

Thereafter, Shoemaker appealed to the district court, which affirmed the ruling (2:17-cv-2033, dkt. 19).  The Ninth Circuit also affirmed (18-55182).  No motion for a writ of certiorari was filed and thus these findings and rulings are final.
Since this is not a surplus case, Shoemaker does not have standing and the Trustee has no duty to him.  But even if he did, this motion to dismiss is untimely.  The actions complained of occurred in and before 2012.  Shoemaker clearly knew of them when he brought the adversary proceeding in 2016 (and the case docket will show that he was aware of them long before that time).  The case has been fully administered and is ready for closing.  The Trustee is receiving no compensation.

Shoemaker has had his chance (which he has taken several times, but to no avail) to challenge the Trustee's handling of this case.  He has been unsuccessful and the Court will not sanction yet another bite of the apple.

As to the unique theory that if Siegel is removed it would affect Shoemaker's discharge or somehow lead to a dismissal of the bankruptcy case.  Not only do no grounds exist in law or fact for such a contention, but the denial of Shoemaker's

discharge was in an adversary proceeding brought by the United States Trustee and not by Siegel (1-14-ap-01206).  Removing Siegel would have no impact on that final judgment.

As noted in the opposition, to the extent that Shoemaker believes that a newly appointed trustee would resurrect the attempt to collect money for the estate, that is wrong.  The statute of limitations has run on any claims that Shoemaker or his estate would have on persons who he asserts directly or indirectly owed him money prepetition.  Over nine years have passed since this case was filed on May 25, 2010 (it received a 2014 case number when transferred from the Los Angeles Division to the San Fernando Valley Division of the Bankruptcy Court).  The related case of Advocate for Fair Lending was filed a few days later (2-10-bk-32494, filed June 2, 2010).  Even the most scrupulous and aggressive new trustee could not increase the assets of this estate.

It should also be noted that the OUST, which is responsible for the performance of the trustees that it appoints and supervises, has been aware of Shoemaker's assertions against Siegel – for years.  The OUST has taken no action and has not joined into this motion.

Deny the Motion to Remove Alfred Siegel as trustee.

###

Date: August 20, 2019

_____
Geraldine Mund
United States Bankruptcy Judge