

FILED & ENTERED

MAY 05 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

Mark Alan Shoemaker

Debtor(s).

Case No.: 1:14-bk-15182-GM

CHAPTER 7

**TENTATIVE RULING ON OBJECTION TO CLAIM #3 OF MARIA CONTRERAS**

Date:       May 4, 2021
Time:       10:00 AM
Courtroom:  303

For some reason, the claims docket shows the creditor to be March Eang at a Santa Ana address.  This is incorrect since the claim itself is definitely by Ms. Contreras, who had an agreement with Mr. Shoemaker for him to provide legal services.  She asserts that she paid $15,000 and did not receive the services.  The attachments appear to verify the payments, most of which were to the Law Office of Mark Shoemaker with some to Advocate For Fair Lending.  Shoemaker asserts that his Law Office and he only received $2,500 and that Advocates is a separate entity.  The last payment was in 2010 and then Shoemaker was suspended from practice.  Claimant got a new attorney.

1    The opposition evidence shows that Ms. Contreras received $11,552.17 on May

2   2, 2014 from the California Bar Client Security Fund for Case #12-F-17624, leaving an

3   unpaid balance of about $3,500.  Shoemaker asserts that the one year statute of

4   limitations started running when he no longer represented Ms. Contreras and this began

5   on May 31, 2010.  There was never a judgment.

6    In reviewing this case, the Court finds that on February 18, 2010, Shoemaker

7   filed a petition under chapter 13 (1:10-bk-15744), which was dismissed on March 15,

8   2010.  The current chapter 7 case was filed on May 25, 2010.  Shoemaker filed a

9   motion to extend the automatic stay on  May 26, 2010 and set it for hearing on June 23,

10  2010 (dkt. 3).  Apparently there was some problem with that hearing date and on June

11  24, 2010 he filed an application to shorten time for a hearing on that motion (dkt. 9).

12  The application to shorten time was denied on July 6, 2010 (dkt. 11) and the hearing

13  was set for August 4, 2010.  The court entered its order denying the motion to impose

14  the stay on November 17, 2010 (dkt. 32).

15   11 USC §362(c)(3) applies when a second bankruptcy case is filed by an

16  individual within a one year period of a prior case that was dismissed.  Under these

17  circumstances, the automatic stay terminates 30 days after the filing of the current

18  chapter 7 petition unless the stay  is extended by the court. The motion to extend

19  requires notice and a hearing that is completed within the 30 day period after the

20  subsequent case is filed.  In this case the hearing was not completed within the 30 day

21  period and, even if it had been, the motion to extend the stay was denied.  Thus, the

22  automatic stay in the current case terminated by force of law on June 24, 2010, even

23  though the order denying the motion to extend was not entered until November 17,

24  2010.  The record clearly shows that there was no hearing within the 30 days – in fact

25  the application to shorten time was filed the day before the last day of the stay and no

26  hearing was held on that day.  Thus the stay terminated as a matter of law on June 24,

27  2010.

28

-2-

1    No action was brought by Ms. Contreras against Shoemaker within the year after

2  June 24, 2010 and the statute of limitations expired at that time.

3    Sustain the objection.

4  ###

Date: May 5, 2021

Geraldine Mund
United States Bankruptcy Judge