**FILED & ENTERED**

**MAY 05 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** egonzale **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Mark Alan Shoemaker<br><br><br>Debtor(s). | Case No.: 1:14-bk-15182-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON OBJECTION TO CLAIM #4 OF PEDRO NAPOLES**<br><br>Date:   May 4, 2021<br>Time:   10:00 AM<br>Courtroom: 303 |

  The claim is for $8,500. The attachments show that $1,000 was paid to the Law Offices of Mark Shoemaker; there were three checks to Advocate For Fair Lending, totaling $7,500. Shoemaker was suspended from practice on May 31, 2010 and he sent Mr. Naples a notice to that effect on June 1, 2010.

  On February 18, 2010, Shoemaker filed a petition under chapter 13 (1:10-bk-15744), which was dismissed on March 15, 2010. The current chapter 7 case was filed on May 25, 2010. Shoemaker filed a motion to extend the automatic stay on May 26, 2010 and set it for hearing on June 23, 2010 (dkt. 3). Apparently there was some problem with that hearing date and on June 24, 2010 he filed an application to shorten

time for a hearing on that motion (dkt. 9).  The application to shorten time was denied on July 6, 2010 (dkt. 11) and the hearing was set for August 4, 2010.  The court entered its order denying the motion to impose the stay on November 17, 2010 (dkt. 32).

11 USC §362(c)(3) applies when a second bankruptcy case is filed by an individual within a one year period of a prior case that was dismissed.  Under these circumstances, the automatic stay terminates 30 days after the filing of the current chapter 7 petition unless the stay is extended by the court. The motion to extend requires notice and a hearing that is completed within the 30 day period after the subsequent case is filed.  In this case the hearing was not completed within the 30 day period and, even if it had been, the motion to extend the stay was denied.  Thus, the automatic stay in the current case terminated by force of law on June 24, 2010, even though the order denying the motion to extend was not entered until November 17, 2010.  The record clearly shows that there was no hearing within the 30 days – in fact the application to shorten time was filed the day before the last day of the stay and no hearing was held on that day.  Thus the stay terminated as a matter of law on June 24, 2010.  The longest statute of limitations would be 4 years for breach of a written contract.  That expired no later than June 2014.  No legal action was filed by Mr. Napoles, so his claim is unenforceable. Sustain the objection.

###

Date: May 5, 2021

Geraldine Mund
United States Bankruptcy Judge