FILED & ENTERED

MAY 05 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

In re:

Mark Alan Shoemaker

Debtor(s).

Case No.: 1:14-bk-15182-GM

CHAPTER 7

**TENTATIVE RULING ON OBJECTION TO CLAIM #10 OF THOMPSON ATTORNEY SERVICE**

Date:        May 4, 2021
Time:       10:00 AM
Courtroom: 302

    The claim is for $17,101.50. Shoemaker says that this was a credit card obligation, but it looks like a breach of contract to pay an attorney service. The claim shows $10,300 to Shoemaker and apparently credits $5,000 for "advanced fee deducted," for the May 31, 2010 statement shows a balance of $17,101.50. Shoemaker asserts that the last payment was Sept. 12, 2007, but no documentation supports this.

    On February 18, 2010, Shoemaker filed a petition under chapter 13 (1:10-bk-15744), which was dismissed on March 15, 2010. The current chapter 7 case was filed on May 25, 2010. Shoemaker filed a motion to extend the automatic stay on May 26,

-1-

2010 and set it for hearing on June 23, 2010 (dkt. 3).  Apparently there was some problem with that hearing date and on June 24, 2010 he filed an application to shorten time for a hearing on that motion (dkt. 9).  The application to shorten time was denied on July 6, 2010 (dkt. 11) and the hearing was set for August 4, 2010.  The court entered its order denying the motion to impose the stay on November 17, 2010 (dkt. 32).

11 USC §362(c)(3) applies when a second bankruptcy case is filed by an individual within a one year period of a prior case that was dismissed.  Under these circumstances, the automatic stay terminates 30 days after the filing of the current chapter 7 petition unless the stay is extended by the court. The motion to extend requires notice and a hearing that is completed within the 30 day period after the subsequent case is filed.  In this case the hearing was not completed within the 30 day period and, even if it had been, the motion to extend the stay was denied.  Thus, the automatic stay in the current case terminated by force of law on June 24, 2010, even though the order denying the motion to extend was not entered until November 17, 2010.  The record clearly shows that there was no hearing within the 30 days – in fact the application to shorten time was filed the day before the last day of the stay and no hearing was held on that day.  Thus the stay terminated as a matter of law on June 24, 2010.  And unlike the issue of giving notice to creditors of the denial of discharge, no notice was required concerning the termination of the automatic stay because this occurred as a matter of law when no timely extension was granted.

Using the May 31, 2010 date as the operative one, the four year statute of limitations would have ended in 2014.  No collection action was filed by that time. Sustain the objection.

###

Date: May 5, 2021

Geraldine Mund
United States Bankruptcy Judge