

FILED & ENTERED

MAY 06 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

Mark Alan Shoemaker

Debtor(s).

Case No.: 1:14-bk-15182-GM

CHAPTER 7

**TENTATIVE RULING ON OBJECTION AND
AMENDED OBJECTION TO CLAIM #14 OF
LILLIE BURTON (dkt. 275, 300)**

Date:     May 4, 2021
Time:     10:00 AM
Courtroom: 302

Initial Tentative Ruling on objection to claim #14 (dkt. 275)

On October 28, 2010, Ms. Burton obtained a judgment in the superior court

against Mr. Shoemaker for $13,097.37 to which were added costs of $70 and accrued

interest of $1,626.27 through January 17, 2012 when an abstract of judgment was

recorded.  No other enforcement action was taken. (LASC NC052415)  This judgment

was solely against Mr. Shoemaker, who originally filed the complaint in his own name in

what might have been a collection action against Ms. Burton.  A copy of the judgment is

attached to the declaration of Elizabeth Quinn (dkt. 281) and although it does not state

the reason for the arbitration award, it seems that this may be for attorney fees in defending against Mr. Shoemaker's complaint.  But this is not relevant.

The enforcement power of the judgment ended on October 28, 2020.  Because of the bankruptcy, this is extended for 30 days after Ms. Burton receives notice that Mr. Shoemaker's discharge was denied.  The law as to the extension to renew a judgment due to a bankruptcy stay is set forth below.

The first critical question here is that the state court judgment was granted about 5 months after this bankruptcy case was filed and there is no evidence that Ms. Burton was granted relief from the automatic stay. Although Shoemaker raised this as the basis for his original objection to the Burton claim (dkt. 200), his current objection is solely on the basis that the claim is barred because she failed to renew her judgment after 10 years.  Nonetheless, the validity of the judgment is important and needs to be dealt this.

It is not surprising that there was no notice of the bankruptcy in the state court action or that Shoemaker did not attempt to stop it due to the bankruptcy.  Because Shoemaker was the plaintiff in the state court action, there was no requirement that it be stayed.  Assuming that Burton's judgment was merely the result of Shoemaker losing his case against her (and there does not appear to have been a cross-complaint), there was no need for her to seek relief from the automatic stay, even if she had known about the bankruptcy.  There is no notice of the bankruptcy on the state court docket.  The lawsuit was not listed as an asset of Shoemaker's estate (schedule B) or as litigation pending (statement of affairs).  Ms. Burton is not on the original mailing matrix.  Given these circumstances, the automatic stay did not void this judgment.  However, it is possible that the Court is incorrect on the facts or the law and Mr. Shoemaker can amend his objection to deal with this.

Cal. Code of Civ. Proc. §683.020 states that a money judgment may not be enforced after the expiration of 10 years after the date of entry.  The issue here is that there was a stay of enforcement due to the automatic stay, which ran from the date of filing of the Shoemaker bankruptcy (May 25, 2010) until the date that his discharge was

denied (January 14, 2018). And although there was no stay, that denial of discharge unquestionably became final no later than the dismissal of his appeal (December 5, 2019).  11 USC §362(c)(2)(C).

California law allows a judgment creditor to extend the enforcement date of a judgment by renewing it within the 10 year effective time and this can be done even though a stay of enforcement is in effect.  Cal. Code Civ. Proc. §683.210.  "Renewal during a stay of enforcement does not affect the stay, but merely prevents the termination of the period of enforceability." [16 Cal.L.Rev.Comm. Reports 1219 (1982)] Ms. Quinn, original counsel for Ms. Burton, argues that the 10 year period can be further extended per CCP 683.040.  This is incorrect as to the facts of this case.

There is a conflict in the interpretation of how the automatic stay affects the act of filing a renewal of a California judgment.  The one thing that is clear is that the running of the 10 year period is not stayed by the automatic stay.  Rather, if the 10 years expires during the existence of the automatic stay, there is a 30 day extension after notice of the termination of the stay or its expiration under 11 USC §362.  11 USC §108(c).

There is no question that – as of March 1, 2021 (the date of Ms. Quinn's declaration) that Ms. Burton had not had notice of the denial of discharge or of this objection to her claim.  The only address known to Mr. Shoemaker or the court is that of Ms. Quinn, as this is the address on the proof of claim.  Ms. Quinn asks for a 120 day extension to respond so that she has time to locate Ms. Burton and then give Ms. Burton time to find legal counsel, if she so wishes.  Obviously a continuance is needed to locate and give notice to Ms. Burton.

I will continue this hearing to May 4, 2021 at 10:00 a.m.  Ms. Quinn is to make her best efforts to locate a proper mailing address for Ms. Burton and is to have her file a change of address with the court.  Ms. Quinn is also to provide Mr. Shoemaker and the court with the current mailing address for Ms. Burton and to send Ms. Burton copies of the notice of discharge and of the objection to claim and of any other documents served by Mr. Shoemaker or the court on Ms. Burton.  Ms. Quinn need not respond to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

anything on behalf of Ms. Burton unless Ms. Burton authorizes her to do so.  Unless Ms. Burton has filed a change of address, by April 20, Ms. Quinn is to file a response as to her attempts to locate Ms. Burton.

Objections to the Declaration of Elizabeth Quinn are overruled; however, she is incorrect as to the effect of CCP 683.040.  In this case there is not possible reason that the issuance of a writ was barred until the CCP.  The bankruptcy is not a reason.  There is no evidence that Ms. Burton or her attorney ever tried to enforce the judgment other than filing a proof of claim.

Tentative Ruling on Amended Objection to claim #14 (dkt. 300)

On February 18, 2010, Shoemaker filed a petition under chapter 13 (1:10-bk-15744), which was dismissed on March 15, 2010.  The current chapter 7 case was filed on May 25, 2010.  Shoemaker filed a motion to extend the automatic stay on  May 26, 2010 and set it for hearing on June 23, 2010 (dkt. 3).  Apparently there was some problem with that hearing date and on June 24, 2010 he filed an application to shorten time for a hearing on that motion (dkt. 9).  The application to shorten time was denied on July 6, 2010 (dkt. 11) and the hearing was set for August 4, 2010.  The court entered its order denying the motion to impose the stay on November 17, 2010 (dkt. 32).

11 USC §362(c)(3) applies when a second bankruptcy case is filed by an individual within a one year period of a prior case that was dismissed.  Under these circumstances, the automatic stay terminates 30 days after the filing of the current chapter 7 petition unless the stay  is extended by the court. The motion to extend requires notice and a hearing that is completed within the 30 day period after the subsequent case is filed.  In this case the hearing was not completed within the 30 day period and, even if it had been, the motion to extend the stay was denied.  Thus, the automatic stay in the current case terminated by force of law on June 24, 2010, even though the order denying the motion to extend was not entered until November 17, 2010.  The record clearly shows that there was no hearing within the 30 days – in fact

the application to shorten time was filed the day before the last day of the stay and no

hearing was held on that day.  Thus the stay terminated as a matter of law on June 24,

2010, so there was no stay in effect when Ms. Burton obtained her judgment on October

28, 2010.  And unlike the issue of giving notice to creditors of the denial of discharge, no

notice was required concerning the termination of the automatic stay because this

occurred as a matter of law when no timely extension was granted.  The judgment was

not renewed prior to October 29, 2010 and is no longer subject to collection.  Sustain

the objection.

###

Date: May 6, 2021

_____

Geraldine Mund
United States Bankruptcy Judge