FILED & ENTERED

MAY 06 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

In re:

Mark Alan Shoemaker

Debtor(s).

Case No.: 1:14-bk-15182-GM

CHAPTER 7

**TENTATIVE RULING ON THE OBJECTION AND AMENDED OBJECTION TO CLAIM #11 OF YOLANDA ORTEGA (DKT. 271, 298)**

Date:      May 4, 2021
Time:      10:00 AM
Courtroom: 303

Initial Tentative Ruling on Objection to Claim #11 (dkt. 271)

On January 22, 2010, Ms. Ortega obtained a judgment against both Advocate for Fair Lending, LLC. and Shoemaker in LASC LB 09593308 for $3,000 and costs of $110. On May 28, 2010 Ms. Ortega conducted (or obtained an order for) a judgment debtor examination of Mr. Shoemaker. No other enforcement effort is reflected on the state court docket.

Mr. Shoemaker objects on several grounds, including that Ms. Ortega did not attempt to collect from Advocate. As to that theory, there is no requirement that she pursue any remedy against Advocate for Fair Lending, LLC., including filing a proof of

-1-

claim in that no-asset bankruptcy case (2:10-bk-32494-PC).  Further, he asserts that the claim "only applies to the Advocate bankruptcy."  This is a false statement since the judgment in state court is against both Advocate and Shoemaker.  Shoemaker is attempting to reargue the grounds of the state court judgment and that is prohibited.

As to the statute of limitations on enforcement of a judgment, Shoemaker is legally correct.  A summary of California law is as follows:

Cal. Code of Civ. Proc. §683.020 states that a money judgment may not be enforced after the expiration of 10 years after the date of entry.  The issue here is that there was a stay of enforcement due to the automatic stay, which ran from the date of filing of the Shoemaker bankruptcy (May 25, 2010) until the date that his discharge was denied (January 14, 2018). And although there was no stay, that denial of discharge unquestionably became final no later than the dismissal of his appeal (December 5, 2019).  11 USC §362(c)(2)(C).

California law allows a judgment creditor to extend the enforcement date of a judgment by renewing it within the 10 year effective time and this can be done even though a stay of enforcement is in effect.  Cal. Code Civ. Proc. §683.210.  "Renewal during a stay of enforcement does not affect the stay, but merely prevents the termination of the period of enforceability." [16 Cal.L.Rev.Comm. Reports 1219 (1982)]

There is a conflict in the interpretation of how the automatic stay affects the act of filing a renewal of a California judgment.  The one thing that is clear is that the running of the 10 year period is not stayed by the automatic stay.  Rather, if the 10 years expires during the existence of the automatic stay, there is a 30 day extension after notice of the termination of the stay or its expiration under 11 USC §362.  11 USC §108(c).  In this case, although the operative date of the denial of discharge occurred on either the date of judgment in the adversary case (January 14, 2018) or the dismissal of the appeal (December 5, 2019), the court did not send out notice until March 2, 2021 (dkt. 270) and there is nothing on the docket showing that notice of the denial of discharge was given to Ms. Ortega or any other claimant prior to that date.  Even the original objections to

the Ortega claims, which were filed on July 10, 2019, do not mention the denial of discharge. (dkt. 214, 216)

Thus the first notice to Ms. Ortega of the denial of discharge, which would start the clock running on her ability to renew the judgment due to the termination of the automatic stay, occurred with the filing and mailing of the current objections to her claims or the notice by the court.  The objections were served by mail on her on February 18, 2021 at 1510 Carnation Way, Upland, CA 91786, which is the address on her proof of claim.  The notice by the court used that same address.  Assuming that this is a valid current address for Ms. Ortega, her judgment remains enforceable until April 1, 2021, although it is possible that there might be an additional 3 days due to the mailing of the motion which gave notice (11 USC §9006(f)).  Either way, unless Mr. Shoemaker can show that notice was received prior to his mailing of this objection to claim, the time has not yet expired to renew the judgment, though it will do so in a few days.  Therefor this motion must be continued.

In summary, the enforceability of the state court judgment would have terminated on January 22, 2020, but for the 30 day extension allowed by 11 USC §108.  It appears that Ms. Ortega had no notice of the denial of discharge (and therefore the termination of the automatic stay) until served with this objection to her claim, which occurred on February 18, 2021 or perhaps the notice from the court served on March 2, 2021.  If there is evidence that the objection was mailed to the correct address and therefore she is deemed to have received it, the judgment is still enforceable until March 20, 2021.

The proof of service on the objection states that service was made by first class mail, but Mr. Shoemaker's declaration states that he sent it by certified mail (dt. 282). This may make a difference on whether she received it since some people do not pick up items sent by certified mail.  The court is attempting to monitor returned unopened mail addressed to the creditors in this case, but cannot be certain that it will be successful.  However, this is the best that we can do.  So, unless the envelope mailed by the court is returned, I will assume that the address is correct and that Ms. Ortega

received notice of the discharge no later than March 5, 2021 (allowing 3 days for mailing).  If Mr. Shoemaker did not send the objection by first class mail, he is to do so with the new hearing date, which will be May 4, 2021 at 10:00 a.m.  The hearing will be by Zoom.

<u>Tentative Ruling on  Amended Objection to the claim of Yolanda Ortega (dkt. 298)</u>

Mr. Shoemaker now raises the issue of the timing of the termination of the automatic stay due to his prior chapter 13 case.  On February 18, 2010, Shoemaker filed a petition under chapter 13 (1:10-bk-15744), which was dismissed on March 15, 2010.  The current chapter 7 case was filed on May 25, 2010.  Shoemaker filed a motion to extend the automatic stay on  May 26, 2010 and set it for hearing on June 23, 2010 (dkt. 3).  Apparently there was some problem with that hearing date and on June 24, 2010 he filed an application to shorten time for a hearing on that motion (dkt. 9).  The application to shorten time was denied on July 6, 2010 (dkt. 11) and the hearing was set for August 4, 2010.  The court entered its order denying the motion to impose the stay on November 17, 2010 (dkt. 32).

11 USC §362(c)(3) applies when a second bankruptcy case is filed by an individual within a one year period of a prior case that was dismissed.  Under these circumstances, the automatic stay terminates 30 days after the filing of the current chapter 7 petition unless the stay  is extended by the court. The motion to extend requires notice and a hearing that is completed within the 30 day period after the subsequent case is filed.  In this case the hearing was not completed within the 30 day period and, even if it had been, the motion to extend the stay was denied.  Thus, the automatic stay in the current case terminated by force of law on June 24, 2010, even though the order denying the motion to extend was not entered until November 17, 2010.  The record clearly shows that there was no hearing within the 30 days – in fact the application to shorten time was filed the day before the last day of the stay and no

hearing was held on that day. Thus the stay terminated as a matter of law on June 24, 2010. Without dealing with the issue of whether the court should count the days when there was no stay before June 24, 2010, even if we add the 30 days under §108, more than 10 years has passed since July 24, 2010. And unlike the issue of giving notice to creditors of the denial of discharge, no notice was required concerning the termination of the automatic stay because this occurred as a matter of law when no timely extension was granted. The judgment was not renewed in that period of time and is no longer subject to collection. Sustain the objection.

###

Date: May 6, 2021

Geraldine Mund
United States Bankruptcy Judge